UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH JAMES HETTEL,

    Plaintiff,

v.                                                            Case No: 8:15-cv-562-T-36AEP

STATE OF FLORIDA,

    Defendant.
_____/

# **ORDER**

        This cause comes before the Court on the Report and Recommendation of Magistrate Judge Anthony E. Porcelli (Doc. 7).  In the Report and Recommendation, Magistrate Judge Porcelli recommends that Plaintiff Kenneth James Hettel's Motions to Appoint Counsel (Docs. 4 and 5) be denied and the case dismissed.  Hettel filed an Objection to the Report and Recommendation (Doc. 9).

## **DISCUSSION**

        Proceeding *pro se*, Hettel purports to assert claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), as well as his "vested right to due process."[1]  In his Complaint, Hettel alleges that, in 1982, he was hit by a train and sustained a severe head injury. Hettel further alleges that, in 1987, he was sent to prison by the Florida State courts despite the fact that the courts knew that he should have been sent to get treatment for the mental illness that he suffered as a result of the head injury he sustained in 1982.  The only relief Hettel seeks is the

---

[1] As noted in the Report and Recommendation, Hettel asserts generally that "the State of Florida has violated [his] Fourth, Fifth, and Fourteenth Amendment rights."  Doc. 1 ("Compl.") at 6.

removal of his name from "any, and all criminal records, dating back to the date of [his] accident with the train." Compl. at 6.

Shortly after filing his Complaint, Hettel moved, in two separate motions, for appointment of counsel. *See* Docs. 4 and 5. The motions are essentially identical: Hettel asserts that he needs counsel to help with his litigation because he has little knowledge of federal law and does not wish to lose his case. It also appears that Hettel was applying to proceed *in forma pauperis*.[2]

In his Report and Recommendation, Magistrate Judge Porcelli recommended that the Court deny Hettel's motions for appointment of counsel, and additionally recommended that the Court dismiss the case. In so recommending, Magistrate Judge Porcelli found no exceptional circumstances that would warrant the appointment of counsel. Magistrate Judge Porcelli also found that Hettel's Complaint failed to allege facts that would conceivably allow the Court to grant the relief sought, and concluded that Hettel's case was therefore frivolous and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Hettel objected to the Report and Recommendation. In so doing, he failed to identify any specific part of the Report and Recommendation to which he was objecting, but rather reiterated many of the same allegations contained in his Complaint. Ordinarily, such generalized objections would not require this Court to conduct a *de novo* review of the Report and Recommendation. *See Macort v. Prem, Inc.*, 208 Fed. App'x 781, 784 (11th Cir. 2006) (a district court need conduct a *de novo* review only if "the objection [is] sufficiently specific and not a general objection to the

---

[2] Hettel has not formally submitted an application to proceed *in forma pauperis*, but his Complaint references 28 U.S.C. § 1915 and he has not paid any filing fee for this case. Moreover, Hettel has indicated his willingness to submit an affidavit of indigency. *See* Doc. 9 at 3.

report"). Nevertheless, in light of Hettel's *pro se* status, the Court will conduct a *de novo* review of the Report and Recommendation.

After careful consideration, the Court agrees in all respects with Magistrate Judge Porcelli's findings of fact and conclusions of law. *First*, the appointment of counsel in a civil matter is a privilege, not a right, and is "justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner," *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Even construing Hettel's pleadings liberally, *see Whitehurst v. Wal-Mart*, 306 Fed. App'x 446, 447 n.2 (11th Cir. 2008), the Court cannot discern any "exceptional circumstances" that would warrant the appointment of counsel. Rather, it appears that the Complaint states, at most, a straightforward request to expunge Hettle's criminal record due to alleged defects in his conviction and/or sentencing. Standing alone, Hettel's asserted indigent status and limited knowledge of the law is insufficient to justify the appointment of counsel. *See Wallace v. Sheriff*, 518 Fed. App'x 621, 623 (11th Cir. 2013).

*Second*, Hettel has failed to allege facts that would permit this Court to grant the relief he seeks. "[T]he Court's privilege to expunge matters of public record is one of exceedingly narrow scope," and a court may not expunge a criminal record absent "special circumstance[s]." *Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978). Here, even affording the widest reasonable latitude to the allegations in the Complaint, the Court cannot discern the existence of any "special circumstances" that would permit it to grant the relief sought.[3] *Accord Rogers v. Slaughter¸* 469

---

[3] Special circumstances include "when mass arrests render judicial determination or probable cause impossible," "when a court determines that the sole purpose of the arrest was to harass the defendant," "where the police misused the police records to the detriment of the defendant," "where the arrest was proper but was based upon a statute later declared unconstitutional," and "when the expungement of criminal records is necessary to preserve basic legal rights." *United States v. Johnson*, 714 F. Supp. 522, 524 (S.D. Fla. 1989).

3

F.2d 1084, 1085 (5th Cir. 1972) (denying the plaintiff's request to expunge records of his arrest, trial, and conviction despite the fact that his conviction was found to be unconstitutional).[4]

The Court, therefore, concludes that Hettel's action is frivolous.  *See Jackson v. Farmers Ins. Grp./Fire Ins. Exchange*, 391 Fed. App'x 854, 856 (11th Cir. 2010) (a case is frivolous if it is based on an "indisputably meritless" legal theory).  Accordingly, the Complaint must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B) (a court shall dismiss a case that is proceeding *in forma pauperis* if the court determines that it is "frivolous").

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff Kenneth James Hettel's Objections (Doc. 9) are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 7) is adopted, confirmed, and approved in all respects, and is made a part of this Order for all purposes, including appellate review.

3. Plaintiff's Motions to Appoint Counsel (Docs. 4 and 5) are **DENIED**; and

4. The Complaint (Doc. 1) is **DISMISSED.**

5. The Clerk is directed to terminate all pending motions and to close this case.

**DONE AND ORDERED** in Tampa, Florida on June 23, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any
United States Magistrate Judge Anthony E. Porcelli

---

[4] As noted in the Report and Recommendation, the Complaint's reference to the ADA fails to have any bearing on the propriety of the requested relief.